# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAULA JOHNSON-LANG,

    Plaintiff,                        Case No.:

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC, a foreign limited
liability company,

    Defendant.
_____/

## DEFENDANT, FAMILY DOLLAR STORES OF FLORIDA, LLC'S NOTICE OF REMOVAL

Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC** (hereinafter, "Defendant" or "Family Dollar"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1.    On February 11, 2021, Paula Johnson-Lang ("Plaintiff") filed her initial Complaint, which improperly named Family Dollar Stores of Florida, Inc., in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("State Court").

2. On February 17, 2021, Plaintiff served the Summons and initial Complaint on Family Dollar through its agent for service of process, a copy of which is attached hereto.

3. On March 8, 2021, Counsel for Family Dollar informed Plaintiff's Counsel that the initial Complaint identified the incorrect Family Dollar entity and appeared to contain inaccuracies as to the date and location of incident.

4. On March 16, 2021, Plaintiff filed an Amended Complaint correcting the date and location of incident, as well as the Family Dollar entity. The Amended Complaint was served on Family Dollar's counsel, with Family Dollar's authority. The Amended Complaint was captioned PAULA JOHNSON-LANG, Plaintiff v. FAMILY DOLLAR STORES OF FLORIDA, LLC, Defendant, with case number 21-CA-001194 ("Complaint").

5. On March 26, 2021, Family Dollar filed its Answer and Defenses to Amended Complaint, a copy of which is attached hereto.

6. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this civil action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**AMOUNT IN CONTROVERSY**

7. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Plaintiff's Complaint does not set forth a specific amount of damages. Instead, in her Complaint, Plaintiff alleges, "[t]his is an action for damages in excess of $30,000.00, exclusive of costs and fees." (Complaint at ¶ 1).

9. Plaintiff further alleges:

> As the direct and proximate result of Defendant, FAMILY DOLLAR, DOLLAR STORES OF FLORIDA, LLC'S. [sic], negligence, as described above, Plaintiff PAULA JOHNSON-LANG, tripped and fell suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Plaintiff, PAULA JOHNSON-LANG, losses are permanent and continuing.

(Complaint at ¶ 5).

10. However, on April 9, 2020, Plaintiff's counsel sent Family Dollar a pre-suit demand letter that included medical records, medical bills, and a summary of Plaintiff's "special damages" and "future medical". According to Plaintiff's demand letter, Plaintiff's special damages (past medical expenses) to date were $30,274.24, and a "conservative" estimate of her future medical was "$1,500 TO $2,500 per year x 16 years" for a total estimate of "$24,000.00 - $40,000.00". In addition, according to Plaintiff's demand letter, one of her medical providers opined that Plaintiff sustained a "Full thickness right shoulder rotator [sic] cuff tear that will require an Acromioplasty." After summarizing

Plaintiff's past and estimated future medical expenses, Plaintiff demanded $225,000.00. A copy of the demand letter is attached hereto as Composite Exhibit "B".

11. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

12. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the Court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common

sense in determining that a cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

13. Taken together, the damages alleged in Plaintiff's Complaint, and Plaintiff's past and future medical expenses as claimed in her demand letter, establish by a preponderance of the evidence that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

14. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States.

15. Plaintiff is a citizen of Florida, and Family Dollar is a citizen of Delaware and North Carolina.

16. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including

"home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

17. Plaintiff's Complaint does not allege her place of citizenship. However, the medical records produced with Plaintiff's demand letter contained her date of birth (7/xx/1952) and an address – a Florida address. Based on that information, Family Dollar was able to conduct a Westlaw search. Through the Westlaw search, Family Dollar located Plaintiff's driver's license, vehicle registration, voter's registration, and property tax information. All of the information located through the Westlaw search reflects that Plaintiff has a Florida address, and demonstrates that Plaintiff's true, fixed, and permanent home and principal establishment, to which she has the intention of returning whenever she is absent, is the State of Florida. As such, Plaintiff is a citizen of Florida. The Westlaw search information is attached hereto as Composite Exhibit "C".

18. Family Dollar is a citizen of Delaware and North Carolina. Family Dollar Stores of Florida, LLC is a single-member limited liability company

organized under the laws of the Commonwealth of Virginia. The sole member of Family Dollar Stores of Florida, LLC is Family Dollar Stores, Inc. Family Dollar Stores, Inc. is incorporated in the State of Delaware and its principal place of business is in Matthews, North Carolina.

19. Thus, tracing through the layers of members, Defendant's members' citizenship all trace back to Family Dollar Stores, Inc., a corporation organized and existing under the laws of the Delaware with its principal place of business in North Carolina. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Bright House Networks, LLC v. Pinellas Cnty.*, No. 8:14-CV-1237-T-33TBM, 2014 WL 3867809, at *3 (M.D. Fla. Aug. 6, 2014). Defendant has disclosed the citizenship of each and all of its members, as well as the citizenship of each member of Defendant's limited liability company members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Defendant does not have any members located in the State of Florida or that are citizens of the State of Florida.

20. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same states as Defendant.

**PROCEDURAL COMPLIANCE**

21. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

22. This Notice of Removal is timely because it was filed within thirty days after being served with a copy of the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

23. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Hillsborough County, Florida.

24. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto as Composite Exhibit "A".

25. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

*[remainder of page intentionally left blank]*

WHEREFORE, Defendant, Family Dollar Stores of Florida, LLC by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 21-CA-001194 to the United States District Court for the Middle District of Florida, Tampa Division.

    Respectfully submitted

    /s/ Sherilee J. Samuel
    SHERILEE J. SAMUEL (FBN: 017499)
    sherilee.samuel@hwhlaw.com
    Lead Counsel
    CORY J. PERSON (FBN: 032950)
    cory.person@hwhlaw.com
    NICOLE D. WALSH (FBN: 111961)
    nicole.walsh@hwhlaw.com
    HILL WARD HENDERSON
    3700 Bank of America Plaza
    101 East Kennedy Boulevard
    Tampa, FL 33602
    Ph. 813.221.3900
    Fax 813.221.2900
    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the CM/ECF to **TIMOTHY G. ANDERSON, JR., ESQUIRE** and **ROBERT J. POLLICK, ESQUIRE** of TIMOTHY G. ANDERSON, P.A., Attorneys for Plaintiff, at service@tgalaw.com and Bobbie@tgalaw.com (secondary) on **April 15, 2021**.

    /s/ Sherilee J. Samuel
    HILL WARD HENDERSON
    *Attorneys for Defendant, Family Dollar*