```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

PAULA JOHNSON-LANG,

      Plaintiff,

v.                               Case No. 8:21-cv-902-VMC-CPT

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

      Defendant.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Paula Johnson-Lang initiated this slip-and-fall action in state court on February 11, 2021. (Doc. # 1 at ¶ 1). On March 16, 2021, Johnson-Lang filed an amended

1

complaint, and Defendant Family Dollar Stores of Florida, LLC, answered on March 26, 2021. (Id. at ¶¶ 4-5). On April 15, 2021, Family Dollar Stores removed the case to this Court on the basis of diversity jurisdiction. (Id. at ¶ 6).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the amended complaint does not state a specified damages claim. (Doc. # 1-1 at ¶ 1) ("This is an action for damages in excess of $30,000.00, exclusive of costs and fees."). Instead, in its notice of removal, Family Dollar Stores relied upon a pre-suit demand letter for $225,000 to establish the amount in controversy. (Doc. # 1 at ¶ 10). The

demand letter included past medical expenses of $30,274.24, a "conservative" estimate of future medical expenses in the amount of $24,000 to $40,000, and a number of other unspecified damage claims. (Id.).

Upon review of Family Dollar Stores' notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Johnson-Lang's damages claim without engaging in heavy speculation." (Doc. # 3). Specifically, the Court concluded that the pre-suit demand letter only provided sufficient factual support for $30,274.24 in past medical expenses, falling well below the jurisdictional threshold. (Id.). The Court then gave Family Dollar Stores an opportunity to provide additional information to establish the amount in controversy. (Id.).

Family Dollar Stores has now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 9). But Family Dollar Stores still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Family Dollar Stores reiterates its opinion that the pre-suit demand letter, combined with Johnson-Lang's past and future medical expenses, and Johnson-Lang's allegation "that she suffered permanent or continuing . . . bodily injury" establishes that

the amount in controversy exceeds $75,000. (Id. at ¶¶ 5-9). Additionally, Family Dollar Stores supplements its notice of removal with "uncovered additional information demonstrating that [Johnson-Lang's] past medical expenses actually total $50,173.66." (Id. at ¶ 8).

However, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (explaining that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same).

And, although Family Dollar Stores attempts to use Johnson-Lang's medical provider's opinion that she "will require an acromioplasty to treat her condition," and that she should "consider chronic pain management, epidural steroid injections, TENS unit, and possible surgery," as well as the pre-suit demand letter's estimate of $24,000 to $40,000 in future medical expenses, the mere possibility of future surgery or treatment remains too speculative to support future medical expenses of $24,000 to $40,000. See Favors v.

4

Dolgencorp, LLC, No. 14-cv-60267-KMM, 2014 WL 11775522, at *2 (S.D. Fla. Nov. 3, 2014) ("While Defendant contends that Plaintiff alleges future medical expenses ranging from $114,000 to $154,000, the Court finds these estimates to be too speculative to establish the amount in controversy by a preponderance of the evidence."); Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *1-2 (M.D. Fla. Feb. 7, 2019) (finding the cost of a $110,000 surgery too speculative as it had not yet been scheduled).

Additionally, Family Dollar Stores does not provide sufficient detail about Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced. See Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3-4 (M.D. Fla. Aug. 31, 2015) ("[T]he Court will not engage in speculation regarding the value of [the plaintiff's] pain and suffering damages.").

Thus, these categories of damages remain too speculative to include in the amount in controversy calculation and do not support the contention that the pre-suit demand letter was more than a mere negotiation tactic. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on

5

hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

In short, Family Dollar Stores has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages in this case fall below $51,000 and insufficient information has been provided about other categories of damages. Thus, Family Dollar Stores has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE